IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TANYA DENISE BEY | : | CIVIL ACTION |
| VS. | : | |
| DONALD KELCHNER, | : | NO. 02-2787 |
| ET AL | : | |

RESPONDENT/COMMONWEALTH'S
ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE ARNOLD RAPOPORT, UNITED STATES MAGISTRATE JUDGE:

Respondent, the District Attorney of Montgomery County, Bruce L. Castor, by his Deputy District Attorney, Mary MacNeil Killinger, on whom has been served an Order to file an Answer and Memorandum of Law in response to the Petition for Writ of Habeas Corpus of Tanya Denise Bey, and to show cause why a Writ of Habeas Corpus should not issue as prayed for in the instant Petition, respectfully answers the Petition as follows:

1.  Respondent denies each and every allegation of fact alleged by Petitioner except those facts specifically admitted herein.

2.  Petitioner is currently incarcerated in the State Correctional Institution at Muncy, Pennsylvania, pursuant to a lawful judgment of sentence imposed in the Court of Common Pleas of Montgomery County, Pennsylvania, Criminal Division, at No. A4738-96 (See Exhibit "A").

3. On October 14, 1997, following a jury trial before Judge Albert R. Subers (now Senior Judge), Petitioner was convicted of Robbery and related offenses.

4. On December 8, 1997, the trial court sentenced Petitioner as follows: on Robbery[1], six (6) to twelve (12) years incarceration; on criminal conspiracy[2], three (3) to seven (7) years incarceration consecutive to the robbery; on recklessly endangering another person[3], one (1) to two (2) years to be concurrent to other sentences; and two (2) to seven (7) years on theft[4] charge.

5. Petitioner filed an Appeal in the Superior Court of Pennsylvania on January 27, 1998, and on May 27, 1998, Petitioner filed a brief raising the following issues:

> 1. DID NOT THE TRIAL COUSRT ERR IN NOT ALLOWING TESTIMONY REGARDING THE RELATIONSHIP BETWEEN THE DEFENDANT AND CODEFENDANT AND AS BETWEEN THE DEFENDANT'S SISTER, REGARDING A PROSTITUTION RELATIONSHIP WITH OTHER CO-DEFENDANT SMITH, ALL OF WHICH WAS RELEVANT TO THE ROBBERY CHARGE OF AUGUST 12, 1997?
>
> 2. DID NOT THE TRIAL COURT ERR IN THE SENTENCING OF THE DEFENDANT TO SIX TO TWELVE YEARS, ON THE MAIN BILL, TO ROBBERY, AND THEREAFTER ON THE OTHER LESSER OFFENSES, IN THE AGGREGATE OF NINE TO NINETEEN YEARS, FOR GOING OUTSIDE OF THE AGGRAVATED RANGE OF THE SENTENCING OF THE PENNSYLVANIA SENTENCING GUIDELINES?

---

[1] 18 Pa. C.S.A.§ 3701
[2] 18 Pa. C.S.A.§903
[3] 18 Pa. C.S.A.§2705
[4] 18 Pa. C.S.A.§3921

    3.    DID NOT THE TRIAL COURT ERR IN SENTENCING THE DEFENDANT ON BILL OF INFORMATION 4738.1 TO WIT, RECKLESS ENDANGERMENT OF ANOTHER PERSON IF SAME OFFENSE WAS A LESSER OFFENSE OF ROBBERY?

    4.    WAS NOT THE TRIAL COUNSEL INEFFECTIVE FOR NOT PROPERLY SUBPOENAING THE "SHIFT SHEETS" FROM THE MOBIL GAS STATION, WHETHER THE INCIDENT ROBBERY OCCURRED, AND/OR REQUESTING A CONTINUANCE ONCE IT WAS LEARNED THAT THE WITNESS WHO WAS TO BRING THEM IN CLAIMED THAT THEY WERE UNOBTAINABLE FROM TEXAS?

    6.    On October 9, 1988, the Superior Court of Pennsylvania, in a Memorandum Opinion, vacated the Recklessly Endangering Another Person judgment and affirmed the rest of petitioner's sentence.

    7.    On November 2, 1998, Petitioner filed a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania, raising the following issues:

    1.  DID NOT THE SUPERIOR COURT ERR IN ITS DECISION IN AFFIRMANCE OF THE TRIAL COURT'S SENTENCING OUTSIDE THE AGGRAVATED SENTENCING GUIDELINE RANGE?

    2.  DID NOT THE SUPERIOR COURT ERR IN ITS DETERMINATION THAT PA.R.A.P. 2119 (f) PRECLUDED THE APPELLANT'S ISSUES AS TO DISPARATE SENTENCES, HARSHNESS AND EXCESSIVENESS OF SENTENCE, AND DEADLY WEAPON ENHANCEMENT, WHEN SAME ISSUES INVOLVED THE DOMINANT ISSUE OF SENTENCING OUTSIDE THE GUIDELINES, CLEARLY STATED IN THE APELLLANT'S CONCISE STATEMENT OF MATTERS COMPLAINED OF ON APPEAL PURSUANT TO RULE 1925, AND AS ARTICULATED IN THE PREFATORY PORTIONS OF HER BRIEF, AND WHERE THE COMMONWEALTH FAILED TOOBJECT TO SAME DOMINANT ISSUE RELATING TO THE ARTICULATION OF SPECIFIC REASONS FOR SENTENCING OUTSIDE THE AGGRAVATED SENTENCING GUIDLINE RANGE?

8. On February 12, 1999, the Supreme Court of Pennsylvania denied the Petition for Allowance of Appeal.

9. Petitioner filed a pro se petition under the Pennsylvania Post Conviction Relief Act, 42 Pa.C.S.A. §9542 et seq, on February 14, 2000. The case was reassigned to Judge William J. Furber, Jr. on February 16, 2000. The pro se petition included the following issues:

    (a) violation of Batson v. Kentucky, 476 U.S. 79 (1986).

    (b) ineffective assistance of counsel for failing to investigate a mental health defense.

    (c) false evidence introduced in appellate court.

    (d) court erred in using a sentencing enhancement.

10. On February 17, 2000, Thomas P. Rogers was appointed to represent petitioner. No action was taken.

11. In April, 2002, Petitioner filed the instant petition for writ of habeas corpus alleging:

    (a) a violation of Batson v. Kentucky, 476 U.S. 79 (1986).

    (b) ineffective assistance of counsel for failing to investigate a mental health defense.

    (c) false evidence introduced in appellate court.

    (d) court erred in using a sentencing enhancement

    (e) Post Conviction Relief Act counsel was ineffective for failing to provide any assistance to petitioner.

12. Petitioner's pro se petition under the Pennsylvania Post Conviction Relief Act petition was timely filed. A properly filed

application for state post conviction collateral review of the pertinent claim tolls the limitations period. In this matter, however, the issues raised in the petition have not yet been resolved in state court. The record of the voir dire was not transcribed until August 9, 2002, when it was done at the request of the Respondent.[5]

13. The Honorable William J. Furber, Jr., Court of Common Pleas of Montgomery County has scheduled a counseled Post Conviction Relief Act hearing for September 25, 2002, in which all issues should be resolved.

14. Petitioner has the right to appeal from the decision of the Post Conviction Relief Act court to the Superior Court of Pennsylvania, and if the Superior Court decides contrary to her contentions, to file a petition for allowance of appeal in the Supreme Court of Pennsylvania.

15. Although Petitioner's claims are currently unexhausted pursuant to 28 U.S.C. 2254(b), she is in a position to satisfy the exhaustion requirement. If a state has a post-conviction remedy, ordinarily it must be exhausted before the Petitioner seeks federal habeas corpus relief. Granberry v. Greer, 481 U.S. 129 (1987).

In Smith v. Horn, 120 F.3d 400, 407 (3rd 1997), the Third Circuit, stated:

> "…we are afforded discretion pursuant to Granberry v. Greer… to 'determine whether the interests of comity and federalism will be better served by addressing the merits forthwith or by

---

[5] Notes of Testimony were sent to the Petitioner on August 12, 2002.

> requiring a series of additional state and district court proceedings before reviewing the merits of the petitioner's claim…" We must exercise our discretion on a case-by-case bases and with reference to the values of not only, comity and federalism, but also' judicial efficiency."

In <u>Smith</u>, there was but a single issue and the court decided not to delay review. Here, there are multiple issues which have not been addressed in state court and a hearing scheduled. Respondent believes that the petition should be dismissed without prejudice so Petitioner's claims can be addressed in the state court.

16. Only violations of the United States constitution and of federal laws are cognizable in habeas proceedings. 28 U.S.C.§2254(A). See also, <u>Pulley v. Harris</u>, 465 U.S. 37, 41, 104 S.Ct. 871, 874, 79 L.Ed. 229 (1984). Habeas corpus will not lie for alleged error of state law, <u>Estelle v. McGuire</u>, 502 U.S. 62, 112 S.Ct. 475, 103 L.Ed. 380 (1991). Only state issues were raised on direct appeal. In fact, not only was the <u>Batson v. Kentucky</u> issue not raised until the petition for writ of habeas corpus, as noted above, the transcript was not transcribed until Respondent requested it.

17. In support of the Commonwealth/Respondent's answer to the petition for writ of habeas corpus, the following exhibits are attached hereto and incorporated by reference as if fully set forth herein:

    A.    Criminal docket entries
    B.    Trial court opinion, June 16, 1997
    C.    Petitioner's brief in the Superior Court of Pennsylvania
    D.    Superior Court Memorandum Opinion, dated October 9, 1998
    E.    Petitioner's petition for allowance of appeal in the Supreme Court of Pennsylvania
    F.    Order denying petition for allowance of appeal

G.   <u>Pro se</u> Post Conviction Relief Act petition

WHEREFORE, based upon the foregoing, the respondent respectfully requests that your Honorable Court deny the petitioner's petition for writ of habeas corpus.

RESPECTFULLY SUBMITTED,

_____
MARY MACNEIL KILLINGER
DEPUTY DISTRICT ATTORNEY
CHIEF, APPELLATE DIVISION