IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TANYA DENISE BEY                    :          CIVIL ACTION

      VS.                         :

DONALD KELCHNER,                    :          No.  02-2787
ET AL

RESPONDENT/COMMONWEALTH'S
MEMORANDUM OF LAW

Following a jury trial before the Honorable Albert R. Subers (now

Senior Judge), Tanya Bey, Petitioner, was found guilty of Robbery[1],

Conspiracy[2] and related charges on October 14, 1997.  She was

sentenced to an aggregate term of nine (9) to twenty (20) years on

December 8, 1997.

The robbery occurred at a Mobil Station in Plymouth Meeting,

Montgomery County, on August 12, 1996.  Petitioner worked at the

station that day with two other women.  An armed man robbed the store,

fled and was captured, together with another man, shortly thereafter.

An investigation showed that Richard Smith, petitioner's boyfriend,

was the driver of the getaway car; the armed man was her brother

Matthew Shuler.  Petitioner denied any involvement in the robbery.

---

[1] 18 Pa.C.S.A. §3701
[2] 18 Pa.C.S.A. §903

- 1 -

Richard Smith entered a negotiated plea of guilty on October 16, 1997 to the charge of robbery and was sentenced to a term of two and half (2 ½) to eight (8) years incarceration.

Matthew Shuler entered an open plea of guilty on October 15, 1997. The charges of Robbery[3], Conspiracy, Recklessly endangering another person[4], Possession of an Instrument of Crime[5], Firearms not to be carried without a license[6], and Altering or Obliterating Marks of Identification[7]. On December 11, 1997, Shuler was sentenced to an aggregate term of ten (10) to twenty-one (21) years incarceration.

Scott Kreiger was appointed by the court to represent Petitioner at trial and sentencing. Garrett Page was appointed to represent Petitioner on direct appeal. As noted in Respondent's answer, all issues were raised under the laws and constitution of the Commonwealth of Pennsylvania.

After a petition for allowance of appeal was denied, Petitioner filed a pro se petition under the Pennsylvania Post Conviction Relief Act, 42 Pa.C.S.A.§9541 et seq. Since Judge Subers had attained Senior Judge status, the case was reassigned to the Honorable William J. Furber, Jr. Thomas P. Rogers was appointed to represent Petitioner on February 17, 2000. No action was taken on this matter until the instant petition was

---

[3] 18 Pa.C.S.A.§ 3701
[4] 18 Pa.C.S.A.§ 2705
[5] 18 Pa.C.S.A.§ 903
[6] 18 Pa.C.S.A.§ 6106
[7] 18 Pa.C.S.A.§ 6117

filed.  A hearing under the Post Conviction Relief Act is now scheduled

for September 25, 2002.

The Supreme Court of the United States, in <u>Granberry v. Greer</u>,

481 129, 107 S.Ct. 1671 (1987) addressed the issue of non-exhausted

claims as follows:

> "The court should determine whether the
> interests of comity and federalism will be better
> served by addressing the merits forthwith or by
> requiring a series of additional state proceedings
> before reviewing the merits of the petitioner's
> claim.
>
> If, for example, the case presents an issue
> on which an unresolved question of fact or of
> state law might have an important hearing, both
> comity and judicial efficiency may make it
> appropriate for the court to insist on complete
> exhaustion to make sure that it may ultimately
> review the issue on a fully informed basis.  On
> the other hand, if it is perfectly clear that the
> applicant does not raise even a colorable federal
> claim, the interests of the petitioner, the warden,
> the state attorney general, the state courts, and
> the federal courts will all be well served even if
> the state fails to raise the exhaustion defense,
> the district court denies the habeas petition, and
> the court of appeals affirms the judgment of the
> district court forthwith.  See United States ex rel.
> Allum v. Twomey, 484 F.2d 740, 743 (CA7
> 1973).  [FN7]

> > FN7.  The Rules governing § 2254 cases in
> > the United States district courts leave
> > open this possibility.  While the Magistrate
> > requested the state to file an answer in
> > this case, Rule 4 authorizes a district
> > judge summarily to dismiss a habeas
> > petition if "it plainly appears from the face
> > of the petition and any exhibits annexed to
> > it that the petitioner is not entitled to relief
> > in the district court."  If the petition is not
> > summarily dismissed, "the judge shall

order the respondent to file an answer or other pleading…"  The answer "shall state whether the petitioner has exhausted his state remedies."  Rule 5.  Thus, the District Court's dismissal of a nonmeritorious petition under Rule 4 pretermits consideration of the issue of nonexhaustion.  Similarly, it is appropriate for the court of appeals to dispose of nonmeritorious petitions without reaching the nonexhaustion issue.

Conversely, if a full trial has been held in the district court and it is evident that a miscarriage of justice has occurred, it may also be appropriate for the court of appeals to hold that the nonexhaustion defense has been waived in order to avoid unnecessary delay in granting relief that is plainly warranted.  In Frisbie v. Collins, 342 U.S. 519, 72 SCt. 509, 96 L.Ed. 541 (1952), respondent brought a habeas action in District Court, seeking release from a Michigan state prison.  The state did not raise the availability of state relief, and the District Court denied the writ.  The Court of Appeals reached the merits of the habeas petition and reversed.  While we ultimately disagreed with the Court of Appeals' conclusion on the merits, we rejected the state's nonexhaustion argument and approved the Court of Appeal's determination that "special circumstances" required "prompt federal intervention."  Id., at 522, 72 S.Ct., at 511.  We noted that the general rule of circumstances exist calls for a factual appraisal by the court in each special situation."  Id., at 521, 72 S.Ct., at 511.  As we recognized in Frisbie, the cases in which the nonexhaustion defense is not asserted in the district court may present a wide variety of circumstances which the courts of appeals, drawing on their familiarity with state criminal practice, are able to evaluate individually."

Granberry v. Greer, 481 U.St. at 134-136.

The Third Circuit addressed this issue in <u>Smith v. Horn</u>, 120 F.3d 400, 407-408 (1997), in which the only unexhausted claim had been addressed by the Supreme Court of Pennsylvania on two occasions. Under those circumstances the court found no reason to delay the review of the petition and reversed the judgment of the district court on the issue of Smith's conviction for first-degree murder.

Under the circumstances of this case, where the record of the <u>voir dire</u> was not transcribed until the federal petition was filed, respondent believes the interest of all parties will be served by denying the petition without prejudice so that Petitioner can seek review under the Post Conviction Relief Act.

RESPECTFULLY SUBMITTED,

_____
MARY MACNEIL KILLINGER
DEPUTY DISTRICT ATTORNEY
CHIEF, APPELLATE DIVISION