IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TANYA DENISE BEY, | : | CIVIL ACTION |
| Petitioner, | : | |
| v. | : | NO. 02-2787 |
| DONALD KELCHNER, et al, | : | |
| Respondents. | : | |

**ORDER**

AND NOW, this      day of         , 2002, upon careful and independent consideration of both the Petition for Writ of Habeas Corpus (Dkt. No. 1) and the Petition to Withdraw the Application for Writ of Habeas Corpus (Dkt. No. 12), and after review of the Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport, IT IS HEREBY ORDERED that:

1. the Report and Recommendation is APPROVED and ADOPTED;

2. the Petition to Withdraw the Application for Writ of Habeas Corpus is GRANTED; and

3. the Petition for Writ of Habeas Corpus is DENIED and DISMISSED without prejudice.

BY THE COURT:

_____
MICHAEL M. BAYLSON, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
_____
                               :
TANYA DENISE BEY,              :   CIVIL ACTION
                               :
          Petitioner,          :
                               :
     v.                        :   NO. 02-2787
                               :
DONALD KELCHNER, et al,        :
                               :
          Respondents.         :
_____:
```

ARNOLD C. RAPOPORT
United States Magistrate Judge

### REPORT AND RECOMMENDATION

Presently before the Court are the pro se Petition for Writ of Habeas Corpus filed by the Petitioner, Tanya Denise Bey ("Petitioner"), pursuant to 28 U.S.C. section 2254, and a counseled and uncontested Petition to Withdraw the Application for Writ of Habeas Corpus.  The Petitioner is currently incarcerated in the Pennsylvania State Correctional Institution at Muncy.  For the reasons that follow, it is recommended the Petition to Withdraw the Application for Writ of Habeas Corpus should be granted, and the Petition for Writ of Habeas Corpus should be denied and dismissed without prejudice.

**I.      PROCEDURAL HISTORY.**[1]

---

[1] This information is taken from the Petition for Writ of Habeas Corpus, the Response thereto, and all state court records attached to each pleading.

1

Petitioner, following a jury trial before the Honorable Albert R. Subers of the Court of Common Pleas of Montgomery County, Pennsylvania, was convicted of robbery and related offenses on October 14, 1997.  She was sentenced on December 8, 1997, as follows: six to twelve years for robbery; three to seven years for criminal conspiracy, to be consecutively served with the robbery charge; one to two years for recklessly endangering another person, to be served concurrent to the other sentences; and two to seven years for the theft charge.

On January 27, 1998, petitioner filed an appeal in the Superior Court of Pennsylvania, raising the following issues: (1) trial court error in excluding testimony; (2) trial court error in sentencing; (3) trial court error in sentencing on a lesser included offense; and (4) ineffective assistance of trial counsel.  The Superior Court of Pennsylvania vacated petitioner's conviction for the charge of reckless endangering another person, and affirmed the rest of petitioner's sentence on October 9, 1988.  Thereafter, on November 2, 1998, petitioner filed a Petition for Allowance of Appeal with the Supreme Court of Pennsylvania.  The Supreme Court denied allocatur on February 12, 1999.

Petitioner filed her first pro se petition under the Pennsylvania Post Conviction Relief Act ("PCRA") on February 14, 2002.  See 42 Pa. C.S.A. § 9542, et seq.  Because Judge Suber became a senior judge, petitioner's case was assigned to the

Honorable William J. Furber, Jr. for decision on February 16, 2000. Petitioner raised the following issues in her petition: (1) violation of Batson v. Kentucky, 476 U.S. 79 (1986); (2) ineffective assistance of counsel for failure to investigate a mental health defense; (3) false evidence introduced in appellate court; (4) trial court error in using a sentence enhancement. On February 17, 2000, petitioner was appointed PCRA counsel. Counsel took no further action on petitioner's behalf.

  Petitioner, acting pro se, filed the instant Petition for Writ of Habeas Corpus on May 9, 2002, claiming: (1) a violation of Batson v. Kentucky, 476 U.S. 79 (1986); (2) ineffective assistance of trial counsel for failure to investigate a mental health defense; (3) false evidence introduced in appellate court; (4) trial court error in utilizing a sentencing enhancement; and (5) ineffectiveness of PCRA counsel for failing to provide her with any assistance. (Pet. at 9-11.) This case was referred to me for preparation of a Report and Recommendation by the Honorable Harvey Bartle, III, on July 9, 2002. On July 19, 2002, this case was reassigned to the Honorable Michael M. Baylson. On August 20, 2002, Respondents filed their Response to the Petition for Writ of Habeas Corpus. On September 6, 2002, the PCRA court appointed new counsel in that proceeding to represent petitioner in the state court. (Pet. to Withdraw at 2, ¶ 4.) On November 22, 2002, Petitioner's newly-appointed PCRA counsel entered his appearance on behalf of

Petitioner in this Court, and filed a Petition to Withdraw the Application for Writ of Habeas Corpus one week later, on November 29, 2002.

**II.      DISCUSSION.**

In the Response to the instant Petition, Respondents note that the issues raised in the PCRA petition are nearly identical to the issues raised in the instant Petition, and have not yet been resolved in the PCRA court.  Thus, Petitioner's claims are unexhausted.  Respondents argue that, under Smith v. Horn, 120 F.3d 400, 407 (3d Cir. 1997), the instant Petition should be dismissed without prejudice so that Petitioner may exhaust her claims in state court.

Respondents note in their Response to the Petition for Writ of Habeas Corpus filed August 20, 2002, that the PCRA court scheduled a counseled hearing for September 25, 2002, and it was anticipated that all outstanding issues before the PCRA court would be resolved at that hearing.  (Resp. at 5, ¶ 13.)  This was confirmed by the averment by Petitioner's new counsel in the Petition to Withdraw the Application for Writ of Habeas Corpus that negotiations with the Montgomery County's District Attorney have resulted in a complete settlement of the state and federal issues raised by Petitioner in her pro se Petition for Writ of Habeas Corpus.  (Pet. to Withdraw at 2, ¶ 5.)  Moreover, petitioner's PCRA petition will be granted in the state court by

4

agreement of the parties as soon as this Court disposes of the instant Petition. (Id., ¶¶ 6-7.) It is also anticipated that petitioner's state court sentence will be vacated, she will enter a plea of guilty to the charge of robbery and she will consequently receive a three year reduction in her sentence. (Id., ¶¶ 7-8.) Thus, this Court, pursuant to Walker v. Vaughn, 53 F.3d 609 (1995), should "stay its hand" and dismiss, without prejudice, the instant Petition for Writ of Habeas Corpus as unexhausted.

Therefore, I make the following:

### RECOMMENDATION

AND NOW, this        day of December, 2002, IT IS RESPECTFULLY RECOMMENDED that the uncontested Petition to Withdraw the Application for Writ of Habeas Corpus should be GRANTED and the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. section 2254 should be DENIED and DISMISSED without prejudice.

BY THE COURT:

_____
ARNOLD C. RAPOPORT
United States Magistrate Judge